UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
A. M. KAGAN,

                       Plaintiff,

        -against-

UNUM PROVIDENT,

                    Defendants.
----------------------------------------------------------------X

                                                **DECISION
AND ORDER**

                               03 Civ. 8130 (KMK) (GAY)

## I. BACKGROUND

      Plaintiff A. M. Kagan brings this action pursuant to the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*  Presently, plaintiff

seeks an order from this Court compelling defendant Unum Provident to (1) respond to

interrogatories; (2) produce a witness pursuant to plaintiff's Rule 30(b)(6) of the Federal

Rules of Civil Procedure deposition notice; and (3) answer questions in connection with

the subject matters in said deposition notice.  Plaintiff seeks said discovery to determine

whether a conflict of interest influenced defendant's decision to terminate plaintiff's long-

term disability.  Defendant contends that plaintiff's right to seek discovery ended in

March 2009, when the parties stipulated to the content of the administrative record to be

submitted to the Court.  Moreover, defendant asserts that plaintiff's interrogatories and

deposition notice seek evidence outside the scope of said stipulated record.  As such,

defendants contend that plaintiff's discovery requests are improper because they can

not be reasonably calculated to lead to the discovery of admissible evidence pursuant to

Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Rule 26(b) of the Federal Rules of Civil Procedure ("FRCP") allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

In addition, courts must conform to standards of review where the action is based upon a denial of benefits under ERISA, as is the case here.  The applicable standard of review impacts the scope of discovery.  Burgio v. Prudential Life Ins. Co., No. 06 Civ. 6793, 2009 WL 3128008, at *5 (E.D.N.Y. Sept. 29, 2009).  The parties submit that the applicable standard herein is an arbitrary and capricious review because defendant has discretionary authority under plaintiff's long-term disability policy ("Policy").  Plaintiff's Letter Brief to Judge Karas at 3 (July 27, 2009) [hereinafter "Pl.'s Brief"]; Pl.'s Brief Ex. I, Letter from Patrick W. Begos, attorney for Defendant, to Judge Karas at 2 (Apr. 3, 2009).  See Trussel v. Cigna Life Ins. Co. of N.Y., 552 F. Supp. 2d 387, 389-90 (S.D.N.Y. 2008) (An arbitrary and capricious standard of review applies to a denial of benefits under ERISA where the benefit plan grants the fiduciary discretionary authority.).  "Under this deferential [arbitrary and capricious] standard of review, district courts are usually limited to the administrative record."  Id. at 390.

However, evidence outside the administrative record is sometimes relevant, such as, but not limited to, to determine whether the administrator of the plan had a conflict of

2

interest.  Mitchell v. First Reliance Standard Life Ins., 237 F.R.D. 50, 53 (S.D.N.Y.

2006).  Nevertheless, there is no carte blanche to discover evidence outside the record.

Rather, the party seeking to discover such evidence must show "'a reasonable chance

that the requested discovery will satisfy the good cause requirement.'"  Trussel, 552 F.

Supp. 2d at 390 (quotations omitted).  "The good cause standard required to obtain

evidence beyond the administrative record is therefore less stringent than when

requesting that the court . . . consider such evidence in its final determination."  Id. at

390-91.  See also Burgio, 2009 WL 3128008, at *6 (quotation and citations omitted)

(where plaintiff seeks evidence outside the administrative record at the discovery stage,

a full showing of the good cause requirement is not necessary).

To the extent that the parties stipulated to the contents of the administrative

record, the relevance of conflict-of-interest evidence is not foreclosed.  As already

stated, the court may review evidence outside the administrative record.  Furthermore,

the "reviewing court should consider [a] conflict of interest as a factor in determining

whether the plan administrator has abused its discretion in denying benefits."

Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2346 (2008) (emphasis added).

In the present case, plaintiff asserts that a conflict of interest may exist because

(1) Unum Provident both evaluates an employee's eligibility for benefits and pays said

benefits directly ("structural conflict"); (2) Unum Provident unfairly denied benefits to cut

its own costs, including in 2002 when plaintiff's claim was first denied; (3) because of

said practice, Unum Provident entered into a settlement agreement in 2005 with the fifty

states, the District of Columbia, and American Samoa to reassess certain long-term

disability claims as far back as 1997; (4) Unum Provident reassessed plaintiff's claim in

3

2007, without examining him or having tests administered, yet again denied his claim; and (4) plaintiff, thus, has no information to support a conclusion that Unum Provident operates differently than it did prior to the 2005 settlement.  Thus, plaintiff issued interrogatories regarding (1) the person most knowledgeable about the decision to affirm the termination of plaintiff's benefits on November 14, 2002 and February 23, 2007; (2) the person responsible for said decisions; (3) whether said person(s) received incentive compensation; (4) the persons with whom defendant consulted in connection with the termination of plaintiff's benefits as of June 17, 2002, and the two subsequent affirmations of that termination; (5) the custodian of documents relied upon in said decision-making; (6) anyone who supplied writing to said documents; and (7) the compensation to certain doctors, their credentials, how many medical examinations they conducted on behalf of defendant, and how many of said medical examinations resulted in findings of disability.  Pl.'s Brief Ex. G, First Set of Interrogatories to Def. Unum Provident.

A structural conflict, itself, is insufficient to establish that a conflict of interest actually influenced Unum Provident's decision to deny plaintiff's claim for a second time. See Glenn, 128 S.Ct. at 2346 (the "dual role ['(structural conflict)'] creates a conflict of interest . . . [and] a reviewing court should consider that conflict as a factor"). However, plaintiff points to additional evidence which raises a question with regard to a conflict. For example, in connection with the 2005 settlement, plaintiff asserts that Unum Provident's earlier claims process raised concern because of: "1) excessive reliance upon in-house medical professionals who are either employees of First Unum or contracted by Unum[;] 2) [u]nfair construction of attending physician or independent

4

medical examination reports; 3) failure to evaluate the totality of the claimant's medical condition and; 4) inappropriate burdens being placed on claimants to justify their eligibility for benefits." Pl.'s Brief at 3.  Here, Unum Provident denied plaintiff's claim for a second time by relying, in part, on plaintiff's entire claim file from 2002.  Pl.'s Brief, Ex. F, Letter to Frank P. Winston, Esq., Attorney to A. Michael Kagan, from Kevin Hight, Claim Reassessment Consultant, First Unum Provident Life Ins. Co. at 2 (Feb. 23, 2007).

In addition, the interrogatories directed to the doctors involved with plaintiff's file entail issues of compensation and statistics regarding other Unum Provident disability decisions.  If said doctors often consulted for defendant, infrequently made findings of disability, and received compensation for such findings, said actions may suggest a conflict of interest influenced their reports and decision-making.  See Hogan-Cross, 568 F. Supp. 2d 410, 414 (S.D.N.Y. 2008) (finding that "[e]vidence of high rates of benefit denials or terminations reasonably could lead to further inquiry as to the reasons for those actions, which might prove either benign or malignant").  Plaintiff's remaining interrogatories, as described above, also seek information regarding the decision-makers and those involved with plaintiff's termination of benefits.  Thus, they are appropriately limited to the issue of a conflict of interest.  Moreover, plaintiff is not likely to find said information within the administrator's decision or in the administrative record.  See Trussel, 552 F. Supp at 390; Mergel v. The Prudential Life Ins. Co. of Am., No. 09 Civ. 00039, 2009 WL 2849084, at *3 (S.D.N.Y. Sept. 1, 2009).

## III. CONCLUSION

Under the circumstances herein, the Court grants plaintiff's request for limited discovery on the issue of a conflict of interest.  Therefore, the Court orders defendant Unum Provident to (1) respond to plaintiff's interrogatories seeking information regarding a conflict; (2) produce a witness pursuant to plaintiff's Rule 30(b)(6) of the Federal Rules of Civil procedure deposition notice; and (3) answer questions in connection with the subject matters in said deposition notice.

## IV. TELEPHONE CONFERENCE

A telephone conference, to be initiated by plaintiff, shall take place on Tuesday, November 10, 2009 at 9:00 a.m.

Date:  October 29, 2009

White Plains, New York

SO ORDERED:

GEORGE A. YANTHIS

UNITED STATES MAGISTRATE JUDGE